**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | | |
|---|---|---|---|
| MID TOWN DISTRIBUTION, LLC | ) | | |
| | ) | | |
| Plaintiff | ) | No. _____ | |
| v. | ) | | |
| | ) | | |
| BAYK KOHNS LLC, | ) | | |
| AND YEHUDA KESTENBAUM | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

Plaintiff, Mid Town Distribution, LLC, an Illinois limited liability company ("Mid Town" or "Plaintiff"), by and through its attorneys, and for their Complaint against Defendants, Bayk Kohns LLC and Yehuda Kestenbaum, allege as follows:

## Parties

1.      Plaintiff, Mid Town Distribution, LLC ("Mid Town" or "Plaintiff"), is an Illinois limited liability company organized under the laws of the State of Illinois with its principal place of business in Cook County, Illinois.  Its members are Shmuel Wasserman and Revital Wasserman, both of whom reside in and are citizens of Illinois.

2.      Defendant, Bayk Kohns LLC ("Kohns"), is a New York limited liability company organized under the laws of the State of New York.  Its members are Yehuda Kestenbaum and Avraham Blum, both of whom reside in and are citizens of New York.

3.      Defendant, Yehuda Kestenbaum ("Kestenbaum"), is an individual who resides in and is a citizen of New York.

4.    Venue is proper in this court because Defendants transact business in Cook County, Illinois, and this action arises out of those transactions. *See* 735 ILCS 5/2-101.

Jurisdiction and Venue

5.    This Court has subject matter jurisdiction based on complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because this is the judicial district in which a substantial part of events giving rise to the claim occurred.   Alternatively, if venue is not proper under 28 U.S.C. §1391(b)(2), then venue is   proper under 28 U.S.C. §1391(b)(3) because defendant is subject to this Court's personal jurisdiction with respect to this action.

Background

7.    Mid Town is in the business of selling and distributing food products to institutional clients, restaurants, caterers and others.

8.    Kohns was in the food service business, including a butcher shop, deli, bakery, grocery store, and catering.

9.    Mid Town sold and delivered to Kohns those certain goods described in the statement attached hereto as Exhibit A ("Goods").  The Goods were delivered on account with payment personally guaranteed by Kestenbaum pursuant to Exhibit B attached hereto ("Guarantee").  Kohns requested that the Goods be delivered at the dates, places and at the prices stated in those invoices, and agreed to pay for same

within 10 days.  Mid Town fulfilled Kohns' requests, and fully performed its obligations under the parties' agreement.

10.    Kohns currently owes a balance of $149,345.20 to Mid Town for Goods sold and delivered by Mid Town to Kohns for which payment has not been received. Plaintiff repeatedly made demand on Kohns as well as its member, Yehuda Kestenbaum, for payment of the balance due on the Goods.  Although acknowledging their obligation to pay the balance due, Kohns and Kestenbaum have failed to make payment, and the CRC authorized the filing of this lawsuit.

## COUNT I

### (ACTION ON ACCOUNT STATED)

11.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

12.    Attached as Exhibit A is the statement of Kohns's account as of May 24, 2024 for goods sold and delivered as described therein.

13.    Kohns is indebted to Plaintiff on an open account in the amount of $149,345.20 for which Kohns has failed and refused to pay.

14.    Plaintiff avers that it is entitled to a judgment against Kohns in the principal amount of $149,345.20, due and owing under such open account.

WHEREFORE, Plaintiffs demands judgment against Bayk Kohns LLC in the principal amount of $149,345.20, plus interest, costs and attorneys' fees.

## COUNT II

**(BREACH OF CONTRACT)**

15.     Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

16.     Plaintiff avers that Kohns has breached its contract with Plaintiff by failing to pay the amounts due for purchase of the Goods.

17.     As a result, Plaintiff has been damaged as a result of Defendant's breach in the amount of at least $149,345.20, and Plaintiff is entitled to recover from Defendant Kohns in the amount of at least $149,345.20 for compensatory damages together with such other incidental or consequential damages proximately caused by such breach, plus interest, costs and attorney's fees.

WHEREFORE, Plaintiffs demands judgment against Bayk Kohns LLC in the principal amount of $149,345.20, plus interest, costs and attorneys' fees.

## COUNT III

**(GOODS SOLD AND DELIVERED)**

18.     Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

19.     Plaintiff and Kohns at all relevant times maintained a business relationship.

20.     Plaintiff sold and delivered Goods to Kohns as reflected by the Statement.

21.     Defendant has failed and refused to honor its obligations to pay for the Goods as reflected in the Statement.

WHEREFORE, Plaintiffs demands judgment against Bayk Kohns LLC in the principal amount of $149,345.20, plus interest, costs and attorneys' fees.

## COUNT IV

### (CLAIM AGAINST KESTENBAUM)

22.     Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

23.     Kestenbaum is personally obligated for the Goods and the debts of Kohns.

24.     Pursuant to the terms of the Guarantee, Kestenbaum agreed "to pay for each purchase according to the terms in effect at the time of such purchase as shown in its invoices, statements or quotations," and further agreed "to pay all actual costs of collection, including actual attorney's fees."

25.     Demand was made upon Kestenbaum to pay for the Goods and the amounts owed by Kohns.  Kestenbaum has failed and refused to honor his obligations.

WHEREFORE, Plaintiffs demands judgment against Yehuda Kestenbaum in the principal amount of $149,345.20, plus interest, costs and attorneys' fees.

Dated:  June 26, 2024

Respectfully submitted,

MID TOWN DISTRIBUTION, LLC

By:  */s/ Lawrence M. Benjamin*
           One of Its attorneys

Lawrence M. Benjamin (6196417)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000
Firm ID: 44486
lbenjamin@reedsmith.com
rsCHIDocket@reedsmith.com

EXHIBIT A

# MID TOWN DISTRIBUTIONS

7522 N ST. LOUIS AVE.
SKOKIE, IL  60076
Tel: (224) 534-7187
Fax: (773) 496-7253

**Account Of:**

Kohn's Kosher Deli
10405 Old Olive Street Road
St. Louis, Missouri 63141
MO
Tel: (314) 569-0727

# STATEMENT

Date:  05/24/24

Customer ID:  BKKD
Terms: 14 DAYS

Salesman:  SHMUEL WASSERMAN
Phone #:

Page 1

Statement period ending 05/24/24

| Tran Date | Inv. # | Inv. Amt. | Cred/Disc | Payments | Reference | Amt. Due | Bal. Fwd |
|-----------|--------|-----------|-----------|----------|-----------|----------|----------|
| 03/29/24 | 181701 | 8592.54 | 0.00 | 0.00 | Stadium | 8592.54 | 8592.54 |
| 04/01/24 | 181705 | 2178.41 | 0.00 | 0.00 | Verbal | 2178.41 | 10770.95 |
| 03/31/24 | 181714 | 1878.96 | 0.00 | 0.00 | Pass | 1878.96 | 12649.91 |
| 03/31/24 | 181725 | 2191.31 | 0.00 | 0.00 | Verbal | 2191.31 | 14841.22 |
| 04/01/24 | 181729 | 268.61 | 0.00 | 0.00 | Verbal | 268.61 | 15109.83 |
| 04/01/24 | 181736 | 89.41 | 0.00 | 0.00 | Verbal | 89.41 | 15199.24 |
| 04/01/24 | 181737 | 26178.49 | 0.00 | 0.00 | Verbal | 26178.49 | 41377.73 |
| 04/01/24 | 181767 | 541.46 | 0.00 | 0.00 | Verbal | 541.46 | 41919.19 |
| 04/01/24 | 181789 | 312.01 | 0.00 | 0.00 | Verbal - OIL | 312.01 | 42231.20 |
| 04/04/24 | 181933 | 1826.71 | 0.00 | 0.00 | Verbal | 1826.71 | 44057.91 |
| 04/04/24 | 181949 | 18779.20 | 0.00 | 0.00 | Verbal | 18779.20 | 62837.11 |
| 04/04/24 | 181954 | 1000.66 | 0.00 | 0.00 | Back Order | 1000.66 | 63837.77 |
| 04/11/24 | 182037 | 503.21 | 0.00 | 0.00 | Verbal | 503.21 | 64340.98 |
| 04/10/24 | 182232 | 9625.42 | 0.00 | 0.00 | Verbal | 9625.42 | 73966.40 |
| 04/11/24 | 182306 | 29003.03 | 0.00 | 0.00 | Verbal | 29003.03 | 102969.43 |
| 04/10/24 | 182351 | 12722.03 | 0.00 | 0.00 | Verbal | 12722.03 | 115691.46 |
| 04/12/24 | 182365 | 12323.25 | 0.00 | 0.00 | Verbal | 12323.25 | 128014.71 |
| 04/18/24 | 182728 | 1189.67 | 0.00 | 0.00 | Verbal | 1189.67 | 129204.38 |
| 04/18/24 | 182740 | 20140.82 | 0.00 | 0.00 | Verbal | 20140.82 | 149345.20 |

Invoice Total: $816,806.76          Payment Total: $667,461.56

| Current | Over 7 days | Over 14 days | Over 30 days | Over 45 days | Amt Due |
|---------|-------------|--------------|--------------|--------------|---------|
| $0.00 | $0.00 | $0.00 | $85,507.43 | $63,837.77 | $149,345.20 |

EXHIBIT B

# MID TOWN DISTRIBUTION LLC

Phone: (847) 682 – 7089 - Email: allan.arnet@gmail.com

## Credit Application & Personal Guarantee

COMPANY NAME: _BAKK KOWNS LLC_ TAX CORP. ID ▮▮▮▮

STREET ADDRESS: _10405 OLD OLIVE STREET Rd_ CITY: _CREVE COEUR_ STATE: _MO_ ZIP: ▮▮▮▮ _63141_

PHONE: _314 569 0727_ FAX: _____ EMAIL: _APe KOWNSFOODS.COM_

BILLING ADDRESS (IF DIFFERENT FROM ABOVE): _SAME_

CITY: _____ STATE: _____ ZIP: _____

COMPANY IS (check one): CORPORATION (PARTNERSHIP) PROPRIETORSHIP

**NAME OF OWNER (S), PARTNER (S), OR OFFICER (S):**

NAME 1: _AVRAHAM BLUM_ TITLE: _MANAGING MEMBER_

HOME ADDRESS: _387 McKINLEY St, WEST HEMPSTEAD, NY 11552_ PHONE: _516-238-8348_

NAME 2: _YEHUDA KESTENBAUM_ TITLE: _MANAGING MEMBER_

HOME ADDRESS: _2136 NEW YORK AVE, BROOKLYN, NY 11210_ PHONE: _917 975 6236_

**TRADE REFERENCE:** _NEW BUSINESS_

VENDOR 1: _____ CONTACT: _____

PAYMENT ADDRESS: _____ CITY/STATE/ZIP: _____

PHONE: _____ FAX: _____ ACCOUNT #: _____

VENDOR 2: _____ CONTACT: _____

PAYMENT ADDRESS: _____ CITY/STATE/ZIP: _____

PHONE: _____ FAX: _____ ACCOUNT #: _____

**BANK REFERENCE:**

BANK NAME: _JP MORGAN CHASE_ ACCOUNT #: ▮▮▮▮

BRANCH ADDRESS: _1501 AVENUE M_ CITY/STATE/ZIP: _BROOKLYN, NY 11230_

BANK CONTACT NAME: _STEVE CHO_ PHONE: _347-554-2620_

Any claims for shortages, damages, incorrect prices, returns, wrong material, or unauthorized orders must be made in writing **within 30 days of date of Invoice**. If no claims are made within 30 days, the Invoice is considered "as is". If faxing completed Application, original copy must be sent by mail.

IF ABOVE IS AUTHORIZED TO PURCHASE FROM MID TOWN DISTRIBUTION LLC, BE IT UNDERSTOOD THAT PAYMENT TERMS ARE NET 10 DAYS. PAYMENT IS DUE IN OUR OFFICE NO LATER THAN TEN (10) DAYS FROM DATE OF INVOICE.

1

# MID TOWN DISTRIBUTION LLC

Phone: (847) 682 – 7089 - Email: allan.arnet@gmail.com

PERSONAL GUARANTEE

I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT THE INFORMATION PROVIDED ON THIS CREDIT APPLICATION IS TRUE AND ACCURATE. I FURTHER AUTHORIZE MID TOWN DISTRIBUTION LLC TO CONDUCT ANY INVESTIGATION IT MAY DEEM NECESSARY TO VERIFY THE ACCURACY OF SUCH INFORMATION. I ALSO AUTHORIZE THE RELEASE OF INFORMATION REGARDING THE BANK REFERENCES.

IN CONSIDERATION FOR THE EXTENSION OF CREDIT MID TOWN DISTRIBUTION LLC TO THE APPLICANT AT ANY TIME AND FROM TIME HEREAFTER, APPLICANT AGREES TO PAY FOR EACH PURCHASE ACCORDING TO THE TERMS IN EFFECT AT THE TIME OF SUCH PURCHASE AS SHOWN IN ITS INVOICES, STATEMENTS OR QUOTATIONS. SHOULD IT BECOME NECESSARY TO PLACE THE ACCOUNT FOR COLLECTION, APPLICANT FURTHER AGREES TO PAY ALL ACTUAL COSTS OF COLLECTION, INCLUDING ACTUAL ATTORNEY'S FEES WHETHER OR NOT LITIGATION IS COMMENCED TO FINAL JUDGMENT, OF ANY OBLIGATION OF APPLICANT ARISING HEREAFTER TO MID TOWN DISTRIBUTION LLC IN ADDITION TO THE AMOUNT OF THE OBLIGATION. THE APPLICANT AGREES TO SUBMIT TO THE JURISDICTIONS OF THE COURTS OF THE STATE OF ILLINOIS. IF THE APPLICANT IS A CORPORATION, THE UNDERSIGNED PERSONALLY GUARANTEES PAYMENT OF ALL APPLICANT'S OBLIGATIONS INCURRED HEREUNDER. THIS GUARANTY SHALL CONTINUE IN FULL FORCE AND EFFECT WITHOUT LIMITATION, AND SHALL EXTEND TO ALL PURCHASES, UNTIL SUCH TIME AS THE UNDERSIGNED SHALL GIVE WRITTEN NOTICE OF REVOCATION BY REGISTERED MAIL. SUCH REVOCATION SHALL BE INEFFECTIVE AS TO ANY EXISTING INDEBTEDNESS.

IF THE UNDERSIGNED RESIDES IN A STATE WHERE COMMUNITY PROPERTY LAWS EXIST, BOTH SPOUSES ARE TO SIGN BELOW,

SIGNATURE: _____ PERSONAL: YEHUDA KESTENBAUM, MANAGING MEMBER DATE: 11/10/2022

SIGNATURE: _____ TITLE: _____ DATE: _____

SIGNATURE: _____ PERSONAL: _____ DATE: _____

SIGNATURE: _____ TITLE: _____ DATE: _____

2