## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
### Eastern Division


Mid Town Distribution, LLC.

Plaintiff,

v.

Case No.: 1:24–cv–05416
Honorable John F. Kness

Bayk Kohns LLC, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Tuesday, November 19, 2024:


      MINUTE entry before the Honorable John F. Kness: Status hearing held on 11/19/2024. Plaintiff did not appear. According to the docket, Plaintiff filed a stipulation of dismissal late yesterday. The stipulation, signed by all parties even though neither Defendant has appeared, is in the form of a proposed order and purports to dismiss the case without prejudice, have the Court retain jurisdiction, to enforce a settlement agreement, and to have the dismissal to convert to one with prejudice in about two years "[u]nless enforcement proceedings are pending[.]" Dkt. [10]. In the ordinary course, a notice or stipulation of dismissal under Rule 41(a)(1)(A) "is self–executing and effective without further action from the court."; *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011). That rule pertains here, but with a wrinkle as Plaintiff seeks to have the Court retain jurisdiction to enforce the apparent settlement agreement. Enforcement proceedings, however, would be akin to a separate state law–based breach of contract action (a settlement agreement of course is a contract), and it's not certain the Court would be able to enforce a settlement agreement under those circumstances (it bears note that no party has asked for entry of a consent judgment, which would be enforceable through a contempt proceeding). *See, e.g., Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Perhaps the more appropriate course would have been for Plaintiff to ask that the case be dismissed without prejudice and with leave to reinstate if the settlement falls apart, in which case Plaintiff could proceed anew on the original complaint. In any event, it's clear that the parties are done with this dispute provided that the terms of the settlement are fulfilled (the case related to an alleged failure to pay for various food supplies). Accordingly, the Court construes the stipulation of dismissal as being one seeking dismissal without prejudice and with leave to reinstate on or before 11/20/2026. Because the stipulation of dismissal was filed before the opposing parties served either an answer or a motion for summary judgment, the case is dismissed without prejudice consistent with the foregoing construction of the stipulation and by operation of Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. In the event a motion to reinstate is not filed on or before 11/20/2026, or no party has moved to extend that deadline, the case shall be deemed, without further order of the Court, to be dismissed with prejudice. Each party is to bear its own fees and costs. To the extent any party objects to the substance of this order, they may file a short, written objection on or before 11/27/2024. Civil case

terminated. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.